1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIE HUGH WALKER, JR.,

    Plaintiff,

   v.

UNITED STATES OF AMERICA, PUGET
SOUND NAVAL SHIPYARD, in their official
capacity as Plaintiff's Federal Employer, and
SECRETARY OF LABOR OFFICE OF
WORKERS' COMPENSATION PROGRAMS
in their official capacity as Administrator of a
Federal Law for Federal Employees'
employment related injuries sustained while in
the performance of a duty,

    Defendants.

Case No.  C10-1929RJB

ORDER ON MOTION TO DISMISS
AND FOR INJUNCTIVE RELIEF

   This matter comes before the Court on Defendants' Motion to Dismiss and Motion for
Injunctive Relief.  Dkt. 7.  This Court has considered the pleadings filed in support of and in
opposition to these motions, and the remaining file herein.

## I.  FACTS

   On November 29, 2010, Plaintiff filed this case against the United States, the Puget Sound
Naval Shipyard ("PSNS"), and the Secretary of Labor for the Office of Workers' Compensation
Programs ("OWCP").  Dkt. 1.  (This opinion refers to the complaint in this case as the "2010
Complaint.")  Plaintiff's claims arise from his employment as a sandblaster at PSNS from 1979 to
1984, injuries he alleges he suffered as a result, and the Defendants' subsequent handling of his

ORDER - 1

various workers' compensation claims pursuant to the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8128. *Id.*  In this case, Plaintiff claims that the "Navy's PSNS's Branch Clinic's decision," in the early 1980s, to allow Plaintiff to return to work, despite the work related injuries he alleges he sustained, denied him his "equal protection and procedural due process rights afforded to him by the 5th Amendment to the United States Constitution."  Dkt. 1, at 3-4. Plaintiff also asserts that the Navy's PSNS's Branch Clinic violated FECA.  *Id.*  Plaintiff claims that Defendant OWCP's failure to provide him with disability compensation, despite his several attempts, was "fraud," and that it denied him his "equal protection and procedural due process rights afforded to him by the 5th Amendment to the United States Constitution," and violated FECA. *Id.*, at 4-13.  In particular, Plaintiff references a May 27, 2005, decision by OWCP, in support of his claims against it. *Id.,* at 19-20.  Plaintiff seeks $5,000,000.00 in damages. *Id.*

## A.    REVIEW OF PRIOR LITIGATION

This matter is one of several actions brought in U.S. District Court by Plaintiff against the United States, its agencies, and employees regarding his employment at PSNS from 1979-1984 and the denial of his FECA benefits relating to that employment.  *See e.g. Walker v. United States Dept. of Labor, et al.*, Western District of Washington cause number C96-0842JCC; *Walker v. United States, et al.*, Western District of Washington cause number C97-0015JCC; *Walker v. United States, et al.*, Western District of Washington cause number C97-1279JCC; *Walker v. United States, et al.*, Western District of Washington cause number C03-1418RSL; *Walker v. United States, et al.*, Western District of Washington cause number C05-5742RJB;  *Walker v. United States, et al.*, Western District of Washington cause number C07-5513RJB.  Each of these cases will be reviewed below.

### 1.    *Walker v. United States Dept. of Labor, et al.*, Western District of Washington cause number C96-0842JCC

In May of 1996, Plaintiff filed suit in U.S. District Court under the Federal Tort Claims Act ("FTCA") alleging OWCP erroneously denied his claim for benefits, committed various torts including "negligence, medical malpractice, wantonness, wilfulness, and constitutional

violations" (Case No. C96-842).  Dkt. 7-1, at 26-37.  The case was dismissed for:  1) lack of subject matter jurisdiction due to Plaintiff's failure to file an administrative tort claim, 2) lack of subject matter jurisdiction to review denial of worker's compensation benefits, and 3) a finding that his constitutional claims were not cognizable under FTCA.  Dkt. 7-2, at 2-3.

2.    _Walker v. United States, et al._, Western District of Washington cause number C97-0015JCC

On January 6, 1997, Plaintiff filed suit against the United States, PSNS, OWCP, and other individuals.  Dkt. 7-2, at 8.  Plaintiff's Complaint ("First 1997 Complaint") was dismissed without prejudice when Plaintiff failed to show that the Court had jurisdiction pursuant to 28 U.S.C. § 2675(a).  Dkt. 7-2, at 9.

3.    _Walker v. United States, et al._, Western District of Washington cause number C97-1279JCC

On August 4, 1997, Plaintiff filed suit under the FTCA against the United States, OWCP, PSNS and various individual employees of the United States, (No. C97-1279).  Dkt. 7-2, at 12-23.  Plaintiff's Complaint ("Second 1997 Complaint") alleged that his worker's compensation claims had been denied because he was black, and therefore he was deprived of his equal protection rights, and that he had been deprived of due process in the denial of his claims.  _Id._  The matter was dismissed upon the government's motions for summary judgment because Plaintiff failed to support his equal protection claim with sufficient evidence and the evidence established that he had no valid due process claim.  _Id_. at 25-31.  The Court also dismissed his FTCA claim.  _Id._

4.    _Walker v. United States, et al._, Western District of Washington cause number C03-1418RSL

In June of 2003, Plaintiff again filed suit in the Western District of Washington, (No. C03-1418RSL).  Dkt. 7-3, at 18-25.  In that matter, Plaintiff alleged in his Complaint ("2003 Complaint") that PSNS failed to supply him with adequate protective clothing, PSNS negligently and wantonly ordered him back to work even though he had demonstrated that repeated exposure was worsening his condition, and that sending him back to his regular duties constituted medical malpractice.  _Id_.  He alleged PSNS and OWCP conspired against him to deny his worker's

compensation benefits. *Id.* Plaintiff alleged violations of his equal protection and due process rights. *Id.* Plaintiff alleged that OWCP's denial of his claims amounted to fraud. *Id.* The action was dismissed because: 1) Plaintiff's claims under the FTCA were not properly exhausted and they were barred by the exclusive remedy provision of the FECA, 2) Plaintiff failed to allege sufficient facts to support his fraud or civil conspiracy claims, 3) the United States did not waive sovereign immunity and so any monetary damages asserted for alleged violations of his equal protection or due process rights would be barred, and 4) lack of subject matter jurisdiction to review the merits of his worker's compensation claim. Dkt. 7-4, at 24-27.

>    5.    *Walker v. United States, et al.*, Western District of Washington cause
>           number C05-5742RJB

On November 14, 2005, Plaintiff filed a civil suit against the United States, PSNS, and the OWCP. *Walker v. United States, et al.*, Western District of Washington Cause number 05-5742RJB. Plaintiff's Complaint ("2005 Complaint") indicated that at some time during his employment he was placed on light duty, but was ordered to return to his regular duties in February of 1983. Dkt. 7-8, at 2. Plaintiff's 2005 Complaint alleged that as a result of having contact "with offending agents" he "sustained an allergic sensitization injury and disease, which from February 1983 through July 1983 caused Plaintiff's eczema, asthma and urticaria injuries, along with allergy to molds, pollens and latex injury, while in performance of his duties as a sandblaster for Defendant PSNS." *Id*. at 4. Plaintiff claimed, in his 2005 Complaint, that as a result of being ordered back to his regular duties, Defendants violated his "equal protection and due process rights because the Plaintiff was denied of his rights to receive reasonable accommodation for his said physical handicaps and work restrictions, in clear violation of Section 501 of the Rehabilitation Act of 1973." *Id*. at 6. Plaintiff further alleged that his equal protection and due process rights, and FECA were violated when Defendant OWCP denied his "employment related urticaria and allergy to molds, pollens and latex claims" due to lack of medical evidence. *Id.* at 6, 8. Plaintiff alleged that OWCP's decision (in January of 2004) to designate his "employment related asthma claim" a "temporary aggravation" violated his equal protection and

due process rights, and FECA, because there was medical evidence to the contrary.  *Id.* at 10.

Plaintiff also made allegations regarding the manner in which the Defendants were processing his

FECA claims.  *Id.*  For example, Plaintiff alleged that Defendant PSNS's failure to timely

complete a worker's compensation form in June of 2004, violated his equal protection and due

process rights.  *Id.* at 11.

On July 18, 2006, Plaintiff's claims in the 2005 Complaint relating to events occurring

before April 28, 2004, were dismissed with prejudice because they were barred by *res judicata*.

Dkt. 7-8, at 15.  (April 28, 2004 was the date cause number C03-1418RSL was dismissed.)  All

non-constitutional claims in the 2005 Complaint relating to events occurring after April 28, 2004,

were dismissed with prejudice because Plaintiff had not exhausted his administrative remedies as

required by the FTCA, and because federal court review of the merits of Plaintiff's FECA claim is

generally precluded by 5 U.S.C. § 8128.  *Id.*, at 6 (*citing Rodrigues v. Donovan*, 769 F.2d 1344

(9th Cir. 1985).  However, because the Ninth Circuit has determined that federal courts do retain

jurisdiction to review substantial constitutional claims relating to the denial of FECA benefits,

*See Rodrigues* at 1348, Plaintiff's constitutional claims in the 2005 Complaint, based on events

occurring after April 28, 2004, were dismissed without prejudice.  *Id.* (The Court found that

Plaintiff failed to allege sufficient facts to support those claims).  *Id.*  Plaintiff was given 14 days

to amend his 2005 Complaint upon the following narrowly drawn grounds: "facts which have

arisen after the April 28, 2004, order dismissing his 2003 case, which Plaintiff alleges support

substantial constitutional violations in the denial of his FECA benefits."  *Id.*, at 7.  Plaintiff was

cautioned that monetary damages would be barred as a matter of law for claims that his

constitutional rights were violated in the denial of his FECA claim, because the United States and

its agencies have not waived their sovereign immunity from lawsuits seeking money damages for

constitutional violations in this context.  *Id.* (*citing Daly-Murphy v. Winston*, 837 F.2d 348, 356

(9th Cir. 1987)).

Plaintiff amended the 2005 Complaint on July 27, 2006 ("2005 Amended Complaint").

Dkt. 8-9, at 25.  Plaintiff's claims arose from two written decisions by OWCP.  *Id*.  The first is a letter dated January 30, 2004, which opened Plaintiff's employment related asthma injury claim, but only for temporary aggravation  and not for permanent disability.  *Id*. at 26-7.  The second decision, dated May 27, 2005, was a determination that Plaintiff was not disabled and was not entitled to wage compensation.  *Id*.  Plaintiff's 2005 Amended Complaint stated that: 1) OWCP "denied him of his equal protection rights guaranteed by U.S.C.A. [sic] Const. Amend. 14, by concluding that their correspondence dated January 30, 2004 was not intended as, nor does it constitute a decision, causing Plaintiff to be denied of his right to file an Appeal," 2) OWCP's May 27, 2005, decision to deny Plaintiff's FECA claim for benefits "denied Plaintiff of his equal protection rights guaranteed by U.S.C.A. [sic] Const. Amend. 14, because Plaintiff had provided said defendant with a medical report dated June 8, 2004" which indicated he was disabled, and 3) OWCP committed fraud against Plaintiff "when stating in their decision dated May 27, 2005, that at the time of Plaintiff's termination his employing agency was providing him light duty for his work injury" and

> When stating in their decision dated May 27, 2005, that he have [sic] not provided any evidence that his employing agency committed any error or abuse in his case, because the Plaintiff had provided said defendant with two medical reports . . . . But because of Plaintiff's race (Black), said Defendant so negligently, wantonly or willfully concluded that Plaintiff have not provided them with any evidence that his employing agency had committed any error or abuse in his case.

*Id*.  Plaintiff sought $5,000,000.00 dollars in damages.  *Id*.

On October 6, 2006, this Court granted Defendants' Motion to Dismiss the Amended Complaint in C05-5742RJB.  Dkt. 7-8, at 33.  Claims related to events prior to the April 2004 dismissal were again dismissed with prejudice as barred by *res judicata*.  *Id.*, at 37.  Claims not based on the constitution and related to events after April 2004 were dismissed because the Court lacked jurisdiction to review the merits of the claims and Plaintiff failed to exhaust his administrative remedies.  *Id*.  Plaintiff's equal protection and due process claims, based on the denial of benefits after April 2004, were dismissed without prejudice for failing to allege sufficient facts to support his claims.  *Id.*, at 38-39.  The final judgment was entered on October

17, 2006.  On May 14, 2007, the United States Court of Appeals for the Ninth Circuit summarily

affirmed this Court's judgment, stating: "[a] review of the record, the briefs, and the response to

this Court's February 22, 2007 order indicate that the questions raised in this appeal are so

insubstantial as not to require further argument.  Dkt. 7-8, at 47-48.

6.  *Walker v. United States, et al.*, Western District of Washington cause
number C07-5513RJB

On September 24, 2007, Plaintiff filed a civil suit against the United States, the Puget

Sound Naval Shipyard ("PSNS"), and the Secretary of Labor for the Office of Workers'

Compensation Programs ("OWCP").  *Walker v. United States, et al.*, Western District of

Washington cause number 07-5513RJB.  (This opinion refers to the complaint in that case as the

"2007 Complaint.")  Dkt. 7-9, at 2-7.  Plaintiff's claims again arose from his employment as a

sandblaster at PSNS from 1979 to 1984, injuries he alleges he suffered as a result, and the

Defendants' subsequent handling of his various workers' compensation claims pursuant to the

Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8128.  *Id.*  Plaintiff claimed that

Defendant OWCP's failure to provide him with disability compensation was a "fraudulent act,"

denied Plaintiff his "equal protection and procedural due process rights afforded to him by the 5th

Amendment to the United States Constitution," and violated FECA.  *Id*. at 3.  Plaintiff refers to a

OWCP decision issued on May 27, 2005, and a "Demand for Payment" letter Plaintiff sent on

August 17, 2007 to OWCP.  *Id.*  Plaintiff alleged that Defendant OWCP did not respond to his

letter of August 17, 2007.  *Id.*, at 5.  Plaintiff again sought $5,000,000.00 in damages.  *Id*.

On December 20, 2007, Defendants' motion for the dismissal of Plaintiff's 2007

Complaint was granted, in part, and denied, in part.  Dkt. 7-9, at 39-50.  All Plaintiff's claims in

the 2007 Complaint were dismissed with prejudice as barred by *res judicata,* except Plaintiff's

constitutional claims based upon events occurring since April 28, 2004.  *Id*.  Defendants' motion

for an order enjoining Plaintiff from filing any more actions regarding his employment at PSNS

and related FECA claims was denied without prejudice.  *Id.*  Plaintiff was again cautioned, as he

was when he was granted leave to amend his 2005 Complaint, that he should not file a complaint

ORDER - 7

which included claims which were barred by *res judicata,* or were otherwise frivolous or without merit. *Id.*

On February 11, 2008, this Court granted Defendants' Second Motion to Dismiss in C07-5513RJB. Dkt. 7-9, at 39-52. Claims related to events prior to the April 2004, dismissal were again dismissed with prejudice as barred by *res judicata*. *Id*. Claims not based on the constitution and related to events after April 2004 were dismissed because the Court lacked jurisdiction to review the merits of the claims and Plaintiff failed to exhaust his administrative remedies. *Id*. Plaintiff's equal protection and due process claims, based on the denial of benefits after April 2004, were dismissed for failing to allege sufficient facts to support his claims. *Id.* Plaintiff's motion to amend his 2007 Complaint was denied because of Plaintiff's bad faith in continuing to file meritless, frivolous claims, his undue delay, the prejudice to the Defendants, and the futility of allowing Plaintiff to amend yet another complaint. *Id.* The final judgment was entered on February 21, 2008. The United States Court of Appeals for the Ninth Circuit affirmed this Court's judgment on July 8, 2009. Dkt. 7-10, at 2. The Ninth Circuit held:

> The district court properly dismissed Walker's claims challenging the denial of his request for disability benefits because the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. §§ 8101 *et seq*., provides an exclusive and comprehensive program of workers' compensation for government employees injured in work-related accidents, *see Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995) (*per curiam*), and district courts have no jurisdiction to review final judgments in FECA matters rendered by the Department of Labor, *see Staacke*, 841 F.2d at 281. Moreover, Walker's conclusory allegations of constitutional violations were insufficient to avoid the effect of FECA's finality provision. *See Rodrigues v. Donovan*, 769 F.2d 1344, 1348 (9th Cir. 1985).
>
> The district court properly dismissed Walker's remaining claims under the doctrine of *res judicata* because Walker raised those claims in a prior federal action that was adjudicated on the merits. *See Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007) ("Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."). Walker's remaining contentions lack merit.

Dkt. 7-10, at 2-3.

## B.   PENDING MOTION

Defendants now move for the dismissal of Plaintiff's 2010 Complaint and for an injunction prohibiting Plaintiff from filing future complaints relating to his employment at PSNS

or the denial of his FECA claims related to that employment.  Dkts. 7 and 12.  Defendants argue

that: 1) Plaintiffs' claims are barred by *res judicata* and 2) Plaintiff should be enjoined from filing

future complaints based on facts related to the injuries he allegedly suffered while employed at

PSNS and any related FECA claims based on those injuries.  *Id.*

On January 27, 2011, Plaintiff filed a pleading entitled "Plaintiff's Motion to Deny

Defendants' Motion to Dismiss and Motion for Injunctive Relief."  Dkt. 13.  In this pleading

Plaintiff states that he opposes the Defendants' motions and asks the Court to deny the motions.

*Id.*  This pleading should be construed as Plaintiff's response to Defendants' Motion to Dismiss

and Motion for Injunctive Relief.  *Id.*  Plaintiff argues that:

> His action is about his employment related personal injuries that he had sustained
> while in the performance of his duties as a sandblaster for the Defendant's
> Department of the Navy's PSNS and, is about the repeated denial of his
> employment related personal injuries claims by Defendant's Secretary of Labor
> OWCP, which have caused plaintiff to suffer for years from the intentional
> infliction of emotional distress resulting proximately from negligence and
> wrongful acts of Defendant's said Federal Agencies and their employees at the
> operational level of the activities against plaintiff. . . . The Navy's PSNS . . .
> caused plaintiff to perform work in places and conditions of employment that had
> contained high concentrations of respiratory irritants which had repeatedly
> aggravated his asthma injury, and caused plaintiff to perform work in places and
> conditions of employment that had exposed him to high concentrations of
> offending agents that he had sustained allergy to, resulting in the repeated
> aggravation of all of plaintiff's personal injuries in this action, which had denied
> him of federal rights and privileges guaranteed under Federal Laws of the United
> States and, had effectively denied plaintiff of his equal protection and procedural
> due process rights under the 5th Amendment to the United States Constitution and
> had resulted in plaintiff being unlawfully discharge [sic] from his federal
> employment.

Dkt. 13, at 6-7.   Plaintiff includes several attachments (Dkts. 13-15), and asks the Court to make

findings like "he did not have an asthma disease prior to about June 8, 1979," that "abrasive dust

permeates the blasters [sic] clothing," and PSNS "lacked adequate showers."  Dkt. 13.  Plaintiff

further states that he has now filed an administrative action by mailing paperwork to the

"Defendant's Secretary of Labor OWCP" and to "the United States Department of Justice Civil

Division, Torts Branch Federal Tort Claims Act Staff" in July of 2009.  Dkt. 13, at 4.  Plaintiff

states that he has received no reply from these entities.  *Id.*

This opinion will first address the motion to dismiss the 2010 Complaint, then the motion

to enjoin Plaintiff from filing similar cases, and then, to the extent that he makes a motion, Plaintiff's motion for factual findings or related relief.

## II.   DISCUSSION

### A.      MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Under Fed. R. Civ. P. 12 (b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted."  Dismissal of a complaint may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*internal citations omitted*).

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(*citing Twombly*, at 570).  A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  First, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  *Id.*, at 1950.  Secondly, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id.*  "In sum, for a complaint to survive a motion to dismiss the non-conclusory factual content, and reasonable inferences from that content must be plausibly suggestive of a claim entitling the pleader to relief."  *Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009).

If a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff

should be afforded the opportunity to amend the complaint before dismissal. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983). If the claim is not based on a proper legal theory, the claim should be dismissed. *Id.* "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Moss v. U.S. Secret Service,* 572 F.3d 962, 972 (9th Cir. 2009).

### B.    MOTION TO DISMISS BASED ON *RES JUDICATA*

*Res judicata* (claim preclusion) bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action. *Western Radio Servs. Co. v. Glickman,* 123 F3d. 1189, 1192 (9th Cir. 1997) (*citing Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398 (1981)). "In order for *res judicata* to apply there must be: 1) an identity of claims, 2) a final judgment on the merits, and 3) identity or privity between parties." *Id.* (*citing Blonder-Tongue Lab. v. University of Ill. Found.,* 402 U.S. 313, 323-24 (1971)). "The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." *Frank v. United Airlines, Inc.,* 216 F.3d 845, 851 (9th Cir. 2000)(*internal citations omitted*).

#### 1.    Fraud Claim

Plaintiff's fraud claim is barred by *res judicata*. There is an identity of claims between his fraud claim in the 2003, 2005, 2007 cases, and the present suit. Plaintiff argued in the 2003 action that OWCP's denial of his claim for benefits amounted to fraud. Plaintiff alleged in the 2007 case that OWCP's "decision not to provide him with said period of disability compensation benefits [sic] payments for his accepted employment related asthma injury claim brought under the Act . . . was a fraudlent [sic] act." Plaintiff claims in this Complaint ("2010 Complaint") that Defendant OWCP's failure to provide him with disability compensation, despite his several attempts, was "fraud." To the extent that he brings a fraud claim in the present suit based upon the May 27, 2005, OWCP letter, there is also an identity of claims with the 2005 case's fraud claim. There is an identity of claims between the fraud claims Plaintiff brought in 2003, 2005, 2007 and in the present case. Moreover, there is no dispute that the transactional nucleus of facts

and parties are identical.  Plaintiff does not dispute the finality of the prior judgment on his fraud

claim.  Plaintiff's fraud claim was brought in the 2003, 2005, and 2007 cases, and so is barred by

*res judicata*.

### 2.   FECA Claims

There is also an identity of claims between Plaintiff's current claims (that the decision to

deny him benefits violated FECA) and his FECA claims in the 2005 and 2007 cases.  For

example, in the 2005 case Plaintiff alleged that FECA was violated when Defendant OWCP

denied his "employment related urticaria and allergy to molds, pollens and latex claims" due to

lack of medical evidence.  In the 2007 action Plaintiff challenges OWCP's decision to deny him

benefits as a violation of FECA due to the "failure to offer any medical evidence in opposition to

that presented by the Plaintiff."  As above, there is no dispute that the transactional nucleus of

facts and parties are identical.  Plaintiff does not dispute the finality of the prior judgment.  All

Plaintiff's FECA claims are barred by *res judicata*.

### 3.   Constitutional Claims

To the extent that Plaintiff brings equal protection and due process claims predicated upon

facts occurring before the April 2004 decision dismissing the 2003 case with prejudice, Plaintiff's

claims are barred by *res judicata*.  In the 2003 case, the original complaint in the 2005 case, and

in the 2007 case, Plaintiff asserted that his equal protection and due process rights were violated

when Defendant OWCP denied various workman's compensation claims.  To the extent that the

claims were based on facts occurring before April 2004, the 2005 and 2007 Complaints' claims

were dismissed with prejudice.  Plaintiff again claims that OWCP's decision denied his equal

protection and procedural due process rights.  There is an identity in claims between the 2003,

2005, 2007 and current constitutional claims based on facts occurring before April of 2004.

There is no dispute that the parties are identical and the judgment on this issue was final and on

the merits.  Accordingly, to the extent that Plaintiff makes equal protection and due process

claims based upon facts occurring before April of 2004, they are barred by *res judicata*.

Further, in both the 2005 case and the 2007 case, Plaintiff was given leave to amend his

complaints to allege facts sufficient to support constitutional violations he claimed occurred after the 2004 dismissal of the constitutional claims with prejudice.  Plaintiff failed on several occasions (twice in the 2005 case and once 2007 case) to meet this requirement.  Plaintiff's final motion to amend his 2007 Complaint  was denied due to Plaintiff's bad faith, undue delay, and the futility of allowing such an amendment.  The February 11, 2008, dismissal of Plaintiff's 2007 claims, including the constitutional claims, was with prejudice.  To the extent that Plaintiff makes equal protection and due process claims based upon facts occurring before February11, 2008, they are barred by *res judicata*.  Plaintiff does not appear to make constitutional claims for events occurring after February 11, 2008.

Plaintiff's 2010 Complaint should be dismissed because all his claims are barred by *res judicata*.

**C.    MOTION FOR INJUNCTIVE RELIEF**

Defendants seek an order forbidding Plaintiff from filing another lawsuit related to any injuries allegedly suffered while employed at PSNS, or any FECA claims related to any such injuries without first obtaining leave of Court.  Dkt. 7, at 16-17.  Defendants also made this motion in Plaintiff's 2007 case.

Defendants' motion for an order enjoining Plaintiff from filing yet another complaint based on facts related to the injuries he alleges he suffered while employed at PSNS from 1979 to 1984 and any related FECA claims based on those injuries without obtaining leave of court should be granted.  "The doctrines of collateral estoppel and *res judicata* ordinarily provide adequate assurance that one court's resolution of a controversy will be respected by other courts." *Wood v. Santa Barbara Chamber of Commerce, Inc*., 705 F.2d 1515, 1524 (9th Cir. 1983).  The district courts do have the "power to reinforce the effects of these doctrines by issuing an injunction against repetitive litigation" under the All Writs Act, 28 U.S.C. § 1651.  *Id*.  "[A]n injunction against relitigation need not be premised on exact repetition of an earlier lawsuit. The general pattern of litigation in a particular case may be vexatious enough to warrant an injunction in anticipation of future attempts to relitigate old claims." *Wood,* at 1524.  In the Ninth Circuit,

district courts must adhere to the following guidelines before entry of such an order:  1) the party must have notice and an opportunity to be heard, 2) there must be an "adequate record for review" which includes "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed," 3) the district court must make "substantive findings as to the frivolous or harassing nature of the litigant's actions," and 4) the order must be narrowly tailored. *De Long v. Hennessey*, 912 F.2d 1144, 1149 (9th Cir. 1990).

     1. <u>Notice and Opportunity to Be Heard</u>

   Plaintiff has notice of this motion and has responded.  Further, Plaintiff was aware of the nature of Defendants' current motion for injunctive relief.  Defendants moved the Court for such relief early in the 2007 case, and both parties extensively briefed the issue.  At that point, the undersigned found that it was a close question, but once again gave Plaintiff an opportunity to amend his complaint.  Plaintiff's latest attempt at relitigating these issues convinces the undersigned that Plaintiff will continue his pattern.

     2. <u>Record for Review</u>

   Defendants' motion for injunctive relief should be granted because Plaintiff has filed multiple cases against them based on the same events.  As stated in the "Facts" in Section I. above, Plaintiff has filed at least seven complaints involving the same or similar claims which were predicated on the same events. *See e.g. Walker v. United States Dept. of Labor, et al.*, Western District of Washington cause number C96-0842JCC; *Walker v. United States, et al.*, Western District of Washington cause number C97-0015JCC; *Walker v. United States, et al.*, Western District of Washington cause number C97-1279JCC; *Walker v. United States, et al.*, Western District of Washington cause number C03-1418RSL; *Walker v. United States, et al.*, Western District of Washington cause number C05-5742RJB;  *Walker v. United States, et al.*, Western District of Washington cause number C07-5513RJB;   *Walker v. United States, et al.*, Western District of Washington cause number C10-1929RJB.  Each complaint has been dismissed. *Id.*

     3. <u>Frivolous and Harassing Nature of Plaintiff's Cases </u>

ORDER - 14

The motion should be granted because Plaintiff has continued to file frivolous claims. A claim is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). This Court found that the claims in the 2005 case and the 2007case were frivolous. Those same frivolous claims are asserted again this case. Plaintiff has been repeatedly cautioned against filing these frivolous claims. For example, on February 11, 2008, this Court denied Plaintiff's second motion to amend his 2007 Complaint. That decision provided:

> The first factor to be considered in whether to permit amendment, the Plaintiff's bad faith, favors denial of the motion. In the circumstances, Plaintiff gives the Court no choice but to construe his current motion to amend as an act in bad faith. Plaintiff fails to attach a proposed Amended Complaint, however, in discussing his desire to amend his 2007 Complaint, Plaintiff does reference "fraud acts" related to Defendants May 27, 2005, letter and other documents sent by Defendants to Plaintiff. Dkts. 18 and 20. Plaintiff has now had several of his 2007 claims dismissed with prejudice, including his fraud, FECA, and constitutional claims based upon events prior to April 28, 2004. Dkt. 14. These claims were held to be barred by *res judicata*. *Id*. Plaintiff has also been warned repeatedly (in this litigation and in the 2005 litigation) that if he moves to amend his complaint, he should limit his claims to constitutional claims based on events occurring after the April 28, 2004, dismissal of the 2003 case. *Id*. The December 2007 order also warned Plaintiff that if he chooses to amend his complaint and alleges fraud claims, FECA claims, or constitutional claims based on facts occurring before April 28, 2004, he runs a high risk of incurring sanctions pursuant to Rule 11. *Id.* Plaintiff was strongly cautioned to avoid filing anything which was frivolous or is intended to harass others in violation of Fed. Civ. R. Pro. 11. *Id*. Plaintiff was warned that sanctions for violating Rule 11 include the imposition of fines or dismissal of the case with prejudice. *Id*. Plaintiff was also told that he should be aware that the Court has inherent power to "regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." (*DeLong v. Hennessey and Mansfield*, 912 F.2d 1144, 1147 (9th Cir. 1990)). Plaintiff has disregarded the multiple warnings of the Court. He has continued to file pleadings which have no basis in law or fact. A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Plaintiff has been given multiple opportunities to amend his complaints to plead enough facts to at least state a claim for which relief may be granted. For example, he was given two opportunities to amend his complaint in the 2005 action. He was given specific parameters in both the 2005 case and the 2007 case on how to proceed if he wished to amend his complaint. Plaintiff ignored the Court's instructions and has continued to assert the same frivolous claims.

ORDER - 15

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4.      Narrowly Tailored

Defendants' requested relief is narrowly tailored to prevent Plaintiff from relitigating these same issues.  They seek to prevent his filing another case based on employment which occurred around 30 years ago.  Considering Plaintiff's long history in litigating these issues, the motion for an order enjoining Plaintiff from filing yet another complaint based on facts related to the injuries he alleges he suffered while employed at PSNS from 1979 to 1984 and any related FECA claims based on those injuries without obtaining leave of court should be granted.

**D.      PLAINTIFF'S MOTION**

To the extent that Plaintiff moves the Court to make factual findings or other related relief, the motion has no basis in law or fact to grant the motion.  His motion should be denied as frivolous.

**E.      CONCLUSION**

Defendants' motion to dismiss the 2010 Complaint with prejudice as barred by res judicata should be granted.  Further, Plaintiff should be enjoined from filing another complaint, based on facts related to the injuries he alleges he suffered while employed at PSNS from 1979 to 1984 and any related FECA claims based on those injuries, without obtaining leave of court.  To the extent that Plaintiff moves the Court to make factual findings or other related relief, his motion should be denied as frivolous.

**III.   ORDER**

Therefore, it is now **ORDERED** that:

• Defendants' Motion to Dismiss and Motion for Injunctive Relief (Dkt. 7) is **GRANTED**;

   • Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**;

   • Plaintiff **IS ENJOINED** from filing another complaint, based on facts related to the injuries he alleges he suffered while employed at PSNS from 1979 to 1984 and any related FECA claims based on those injuries, without obtaining leave of cour

ORDER - 16

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- To the extent that Plaintiff makes a motion for factual findings or other related relief, his motion (Dkt. 13) is **DENIED AS FRIVOLOUS**.

The Clerk of the Court is instructed  to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

DATED this 8th day of February, 2011.

Robert J Bryan
United States District Judge

ORDER - 17